**FILED**

JAMES J. VILT, JR. - CLERK

APR 15 2021

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Donovan Hawkins
2918 Lenore Road
Cox's Creek, KY, 40013
270-206-8721
donovanhawkins@outlook.com

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

| | |
|---|---|
| DONOVAN MARK HAWKINS,<br><br>     Plaintiff,<br><br>vs.<br><br>SPENCER COUNTY BOARD OF EDUCATION,<br><br>     Defendant | Case No.: 3:20-CV-746-CHB-CHL<br><br>OBJECTION TO MOTION TO WITHDRAW<br><br>&<br><br>MOTION TO STRIKE |

### AFFIDAVIT OF OBJECTION

I, Donovan M. Hawkins, come to this Honorable Court to hereby OBJECT to the general portrayal of Counselor Sam Hayward's Motion to Withdraw (DN 11).

Mr. Hayward included some highly sensitive and inaccurate information in his motion. The manner in which he included this information is very damaging to me as a litigant and embarrassing to me as a human being. I reached out to Mr. Hayward via email with the intentions of conversing with him about the contents of the motion but he did not respond.

In his Motion to Withdraw, Mr. Hayward expressed disapproval of a podcast I created. Before I created the podcast, I was having a hard time with my health, so I sought medical help for an illness. One of the symptoms of this illness and arguably an illness in and of itself is insomnia. The organization I asked to help manage my illness is Seven Counties Services out of Louisville. After attending a number of therapy sessions with Seven Counties, I told my therapist that I could not get this case out of my head and that I was afraid I was going to lose my life. So, my therapist suggested I create some sort of multimedia project to help manage my thoughts. After a few days thinking about what I could possibly create to make me feel better, I came up with the idea of creating a

OBJECTION TO MOTION TO WITHDRAW                    &MOTION TO STRIKE   - 1

1    podcast. I entitled the podcast "The Hawkins Solution" and the theme of the podcast was "cancel culture." Since I

2    felt like I was a victim of cancel culture, I did indeed talk about certain aspects of my case in this regard.

3          While it is true that I talked my case on my podcast, Mr. Hayward knew about this. I would like to

4    direct Your Honor's attention to the attached email I received from Mr. Hayward's office. In the email, Your Honor

5    will find what seems to be an approval to the podcast. This approval came to be around the time I was experiencing

6    anxiety about my case not getting the attention from Mr. Hayward's office that I felt like I paid for. I had contacted

7    Mr. Hayward several times without him getting back with me thereby violating American Bar Association rule 1.4.

8    The timeframe from of the approval of my podcast to the time he let me know he was merely considering quitting

9    my case was from September of 2020 to December 11th, 2020. When he informed me that he was considering

10    quitting, he also told me not to contact him. This created even more anxiety because of two reasons: 1) he told me he

11    was considering quitting my case was because of information he received from external sources, and 2) this was

12    around the time a lot of activity began to take place on this Court's docket.

13          After making every effort to honor Mr. Hayward's request to not contact him in hopes that he

14    would come around and provide me with amnesty for talking about my case, I had no choice but to contact him.

15    This was because the Defendant had filed a motion to have part of my case dismissed (DN 10). So, when I contacted

16    him to ask him to respond to the motion, that is when he told me he was going to file a motion to be removed as my

17    attorney and indeed he did. I had to take it upon myself to write a RESPONSE IN OPPOSITION (DN 15) to the

18    defendant's motion, all the while fearing I would be a laughingstock for being the subject of Abraham Lincoln's

19    famous quote on the matter (*he who serves as his own counsel has a fool for an attorney and a jackass for a client*).

20          I appreciate Your Honor's attention to detail in pointing out some errors made in Mr. Haywards

21    original motion and thereby denying the motion. However, these types of errors were nothing new to me. I believe

22    Mr. Hayward was not interested in my case from the onset. Communication with him was extraordinarily

23    challenging as was getting him to act on various requests to move forward with my case. And then I find out he

24    didn't even attend the SCHEDULING CONFERENCE (DN 7) this Court assigned. Nor is there any record Mr.

25    Hayward attending a phone conference with Counsel for the Defendant as this Court proclaims he did (DN 8). All of

26    what I am finding out in conjunction with statements made that indicated Mr. Hayward had conversations with

27    Counsel for the Defense is very concerning to me and makes me wonder if I am going to get a fair trial. The defense

28    had already told me in its initial disclosures they plan to use apparent digital/media activity against me, which is

OBJECTION TO MOTION TO WITHDRAW            &MOTION TO STRIKE  - 2

1   something, to their credit, any good defense attorney would do. However, Mr. Hayward gave me no details of any

2   conversation he had with the defense and now I am left wondering if Mr. Hayward's conversations with Counsel for

3   the Defense is indicative of a conspiracy against me presenting this Court with the solid case that I believe I have.

4           Your Honor, I am far from proficient in the arts and sciences of jurisprudence. I am constantly

5   worried about breaking a rule or committing a procedural error as I am even worried that the way this objection is

6   written is not sufficient for a Court of Law. Yet, I am adamant about meeting the demands this Court imposes on pro

7   se litigants in that I will be held to the same standards a practicing attorney, according to information obtained from

8   the Western District of Kentucky website.. I work a twelve-hour a day schedule in a bread factory while longing for

9   the day I can get back to an environment where I can utilize my credentials as an educator. During my time off, I

10  spend every waking moment diligently working on this case. The information Mr. Hayward presented in him motion

11  has compelled me to divert from my case and conduct research that I would not otherwise spend precious time on.

12  With that, I found some information on the Internet that may assist Your Honor in deciding to sustain or overrule my

13  objection. Here is what CNA Professional Counsel says on the matter:

14          Under ABA Model Rule 1.16(b), a lawyer can withdraw from an engagement

15          without cause only if it will not result in a material adverse effect on the client's

16          interests. Because withdrawal will usually produce some measure of harm to the

17          client, in most instances it will be necessary for an attorney to demonstrate cause.

18          However, the Restatement of Law Governing Lawyers indicates that even where

19          cause exists, a lawyer may still not withdraw if he believes that the harm to the

20          client caused by the withdrawal will be disproportionately greater than the harm

21          to the client or others if the representation continues (source: jamisongroup.com).

22          Since I did indeed talk about the case against the advice Mr. Hayward attorney, I would have been

23  content with a motion that simply stated this. With that, I appreciate Your Honor eventually granting Mr. Hayward's

24  motion to be removed and do not intend on requesting further services from him. If this Court would have found it

25  necessary to obtain specific details of me talking about my case, details that are embarrassing to me for they involve

26  information about an embarrassing medical illness, I would have asked the Court if I could approach the Bench and

27  disclose this information without waiving my attorney-client privilege. Now, I feel like Mr. Hayward's motion

28  forces me to waive it.

OBJECTION TO MOTION TO WITHDRAW                    &MOTION TO STRIKE  - 3

1    Therefore, I am asking this Court to examine the attached email in comparison to contents of Mr.

2    Hayward's motion. If an investigation is warranted to determine the details of the apparent conversations between

3    Mr. Hayward and the Defense, I pray Your Honor launches such an investigation at the expense of Adams,

4    Hayward, and Welsh. It is understood that this Court is currently deciding on a Motion for Partial Judgement. I fear

5    that conversations that apparently took place between Mr. Hayward and the Defense might have a significant impact

6    on this decision.

7

8    WHEREFORE, I thank this Honorable Court for reading my objection. Furthermore, if this Court

9    sustains my objection, I move this Honorable Court for an Order striking Mr. Hayward's motion from the record

10    while continuing to honor his request to be removed.

11

12    Respectfully submitted,

13    Donovan M. Hawkins

14    Pro se litigant

15

16

17

18

19    Respectfully submitted on this day of April 14th, 2020.

20

21    Pro Se Litigant

22

23

24

25

26

27

28

OBJECTION TO MOTION TO WITHDRAW                    &MOTION TO STRIKE  - 4

 Gmail

dm h <dmark1973@gmail.com>

## FW: Concern

**Donovan Hawkins** <donovanhawkins@outlook.com>                      Tue, Apr 13, 2021 at 3:50 AM
To: Donovan Hawkins <dmark1973@gmail.com>

Sent from Mail for Windows 10

**From:** Paul,Jessica Lynn
**Sent:** Thursday, September 17, 2020 9:17 AM
**Subject:** Re: Concern

Mr. Hawkins,

We appreciate your continued patience regarding the status of your case. I apologize for any delay in response on my part, as I have been out of the office for the beginning of September. Mr. Hayward spoke with the attorney of your case, who informed us that they haven't received our demand letter sent on the 18th. At this point, that means two things: 1) the demand letter was lost in the mail; and 2) that we will re-mail, fax, and email the letter to the defendants TODAY.

Rest assured, we will contact you regarding any new information regarding your case. However, there has not been any movement thus far.

I am glad you've decided to start a podcast as I'm sure that is a very healthy outlet for any continued stress and anxiety. I hope you have a great rest of your week and I will be in contact as soon as a response from their office is received.

Jessica L. Paul

*Juris Doctor Candidate*, 2021

University of Louisville Brandeis School of Law

**From:** Donovan Hawkins <donovanhawkins@outlook.com>
**Sent:** Wednesday, September 16, 2020 7:15 PM

Donovan M. Hawkins

2918 Lenore Rd.

Cox's Creek Ky 40013

**FILED**

JAMES J. VILT, JR. - CLER

APR 15 2021

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Clerk's Office

601 W. Broadway

Room 106

Gene Snyder Courth

Louisville, Ky. 40




U.S. POSTAGE PAID
FCM LG ENV
TAYLORSVILLE, KY
40071
APR 13, 21
AMOUNT

**$1.20**

R2305K142767-05

1000

40202

use

02

